UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

---

KIM BUTLER,                                               :
                Plaintiff,                      :
                                 :
         v.                                           :    No. 2:15-cv-00545
                                 :
CAROLYN W. COLVIN,                                        :
Acting Commissioner of Social Security,                   :
                Defendant.                    :

---

**O R D E R**

**AND NOW**, this 28th day of September, 2016, upon consideration of Plaintiff's

Complaint, ECF No. 3, Defendant's Answer, ECF No. 7, Plaintiff's Motion for Summary

Judgment and Brief and Statement in Support of Request for Review, ECF No. 8, Defendant's

Response to Request for Review, ECF No. 12, and Plaintiff's Reply, ECF No. 13, and after de

novo review[1] of the Report and Recommendation ("R&R") of Lynne A. Sitarski, United States

Magistrate Judge, ECF No. 15, Plaintiff's Objections to the R&R, ECF No. 16, Defendant's

Response to the Objections, ECF No. 18, Plaintiff's Reply, ECF No. 19, and the complete

Administrative Record, ECF No. 6,  **IT IS ORDERED THAT**:

      1.      Plaintiff's objections to the Report and Recommendation, ECF No. 16, are

**OVERRULED**.

---

[1]      When objections to a report and recommendation have been filed, "the court shall make a
de novo determination of those portions of the report or specified proposed findings or
recommendations to which objection is made."  28 U.S.C. § 636(b)(1)(C); *Sample v. Diecks*, 885
F.2d 1099, 1106 n.3 (3d Cir. 1989); *Goney v. Clark*, 749 F.2d 5, 6-7 (3d Cir. 1984).  "District
Courts, however, are not required to make any separate findings or conclusions when reviewing
a Magistrate Judge's recommendation de novo under 28 U.S.C. § 636(b)."  *Hill v. Barnacle*, No.
15-3815, 2016 U.S. App. LEXIS 12370, at *16-17 (3d Cir. 2016).  The "court may accept, reject,
or modify, in whole or in part, the findings and recommendations" contained in the report.  28
U.S.C. § 636(b)(1)(C).

The Court adopts the R&R issued by Magistrate Judge Sitarski, and writes separately only to address a few of Plaintiff's objections to the R&R.[2]

First, Plaintiff objects to the Magistrate Judge's reliance on psychiatric examinations made during an emergency room visit by a non-mental health specialist, arguing that they are entitled to no weight.  Objs. 1-3, ECF No. 16. Contrary to Plaintiff's argument, while the opinion of a specialist is "generally" entitled to more weight, the Magistrate Judge did not err by considering the emergency examinations in conjunction with the other medical evidence supporting the ALJ's findings.  *See* 20 CFR 416.927(c)(5) ("We generally give more weight to the opinion of a specialist about medical issues related to his or her area of specialty than to the opinion of a source who is not a specialist.").  After de novo review, this Court adopts the Magistrate Judge's findings and recommendations that the ALJ's decision is supported by substantial evidence.

Second, Plaintiff asserts that because "the ALJ did not make a determination that drug or alcohol is material the Magistrate cannot rely on evidence of past drug use to undermine her claim for benefits."  Objs. 3.  An independent review of the administrative record and the ALJ's decision reveals that Magistrate Judge Sitarski did not focus on evidence that the ALJ did not base his decision on.  Rather, the discussion of the evidence in the R&R is consistent with the ALJ's findings.  *See, e.g.* R. 23-24 (discussing Dr. Zacharias and Plaintiff's cocaine use).

In another objection, Plaintiff contends that the Magistrate Judge found that Plaintiff had not articulated a good reason for failing to present prescription records from Walgreens for January 4, 2012, to September 25, 2013, but that the ALJ's decision is dated July 25, 2013, and Plaintiff could not have presented the prescription records after this date to the ALJ.  Objs. 5-6.

---

[2]    Although this Order does not specifically discuss each of Plaintiff's objections, all of the objections have been given de novo review.

These records were part of the "new evidence" Plaintiff relied upon in seeking remand.  R&R 17.

Plaintiff argued in her Request for Review that these records would have made a difference in

assessing her credibility because they show she was taking the antipsychotic medicine

Risperidone.  Pl.'s Brief 16-17, EF No. 8.

Although Plaintiff is correct that two months of the prescription records Plaintiff wanted

to present on remand were not available at the time of the ALJ's decision, the other eighteen

months of records were available.  This Court has independently reviewed these records.  R. 711-

747.  Prescriptions issued after the date of the ALJ's decision consist of approximately two pages

of the thirty-one pages of prescription records.  *See* R. 716-717, 719-720.[3]  The records show

that Plaintiff was prescribed Risperidone as early as January 4, 2012, *see* R. 746, well before the

ALJ's decision.  The Magistrate Judge's finding that Plaintiff failed to show good cause for

failing to present these records is correct.  Further, as Magistrate Judge Sitarski found, "[t]he

record already documents Plaintiff's various prescriptions, including her prescription for

Risperidone, (R. 432, 461, 549, 552, 562, 570, 570), and thus these additional medication logs

are cumulative of the record evidence before the ALJ."  R&R 17.  The ALJ specifically noted the

prescription in his decision.  *See* R. 25.  Thus, this Court agrees that Plaintiff has failed to

demonstrate a reasonable probability that this evidence would have changed the ALJ's decision.

      2.      The Report and Recommendation, ECF No. 15, is **APPROVED and**

**ADOPTED**.

      3.      Plaintiff's Motion for Summary Judgment and Request for Review, ECF No. 8, is

**DENIED**.

---

[3]     One full page of records lists prescriptions issued after July 25, 2013, *see* R. 716, but there are two prescriptions among a list of ten on each of four additional pages, totaling less than a full page, *see* R. 717, 719-721.

4.        Judgment is **ENTERED** in favor of Defendant and against Plaintiff.

5.        The final order of the Commissioner of Social Security is **AFFIRMED**.

6.        This case is **CLOSED**.


BY THE COURT:


*/s/ Joseph F. Leeson, Jr.*_____
JOSEPH F. LEESON, JR.
United States District Judge